UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 2:16-cr-84 |
| ) | |
| MATTHEW ABEL, ) | |
| ) | |
| Defendant. ) | |

**MATTHEW ABEL'S OPPOSITION TO
GOVERNMENT'S MOTION FOR ENDORSEMENT OF *LIS PENDENS***

Matthew Abel, by and through counsel, Sheehey Furlong & Behm P.C., hereby opposes the government's Motion for Endorsement of *Lis Pendens* (Doc. 74). Because the proposed *lis pendens* would constitute an unlawful pretrial restraint of substitute property, the Motion must be denied.[1]

**BACKGROUND**

Count One of the Superseding Indictment in this matter avers that Mr. Abel and Alison Gu "devised and executed a scheme to defraud [multiple financial institutions] to obtain funds through submission of mortgage loan applications and re-financing applications containing false information" in violation of 18 U.S.C. §§ 1344(1) & 2. Doc. 57 at 1-2 ¶ 2. The Superseding Indictment contains a Forfeiture Notice declaring that "upon conviction [of Count One Mr. Abel and Ms. Gu] shall forfeit . . . any property real or personal that constitutes, or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense [including] 184 South Sea Avenue, Unit #1, West Yarmouth, Massachusetts 02673." Doc. 57 at 8 ¶ 2. The Forfeiture Notice declares further that "[i]f any forfeitable property . . . cannot be located [or] has been commingled with other property which cannot be subdivided without

---

[1] Similarly, any *lis pendens* previously filed by the government must be canceled and struck from the land records.

difficulty, the United States shall be entitled to the forfeiture of substitute property, including . . . 184 South Sea Avenue, Unit #1, West Yarmouth, Massachusetts 02673." *Id.* at 8-9 ¶ 3.

The government's Motion seeks the Court's endorsement of a *lis pendens* the government intends to file in the Massachusetts land records pertaining to 184 South Sea Avenue, Unit #1, West Yarmouth, Massachusetts 02673 (hereinafter "MA Property"). The Motion reveals that the property was conveyed by Quit Claim Deed to Mr. Abel on May 22, 2015. The Superseding Indictment alleges that Mr. Abel obtained a mortgage loan from Prime Lending/Colonial Savings to purchase the MA Property and, in doing so, failed to disclose the existence of a prior mortgage debt obligation regarding another property. Doc. 57 at 4 ¶¶ 17-18. The Superseding Indictment alleges further that "mortgage payments were made in connection with the property." *Id.* at 4 ¶ 19.

## ARGUMENT

As acknowledged by the government in its Forfeiture Notice, the MA Property is "substitute property" that is potentially subject to forfeiture if and only if Mr. Abel is convicted on Count One. Because substitute property may not be restrained prior to conviction, the government is not entitled to file a *lis pendens* and its Motion must be denied.

Section 982 of Title 18 provides that upon a conviction under 18 U.S.C. § 1344 the Court shall order forfeiture of property "constituting, or derived from, proceeds" of the violation. 18 U.S.C. § 982(a)(2). That section also incorporates the provisions of 21 U.S.C. § 853, which further provides for the forfeiture of "substitute property" if the proceeds of the violation, among other things, "cannot be located [or] has been commingled with other property which cannot be subdivided without difficulty." 21 U.S.C. § 853(p). Neither statute defines the term "substitute property." Finally, § 853(e) permits the government to obtain a pretrial protective order with regard to forfeitable proceeds. No similar provision exists with regard to substitute property.

2

Although the government may seek a protective order to preserve the availability of proceeds of the charged offense, *see* 21 U.S.C. § 853(e), the government may not obtain a pretrial restraint on potential substitute property. *See United States v. Gotti,* 155 F.3d 144, 146, 149 (2d Cir. 1998) (reversing pretrial restraining order prohibiting transfer of potential substitute property); *United States v. Queri*, 679 F. Supp. 2d 295, 296-97 (N.D.N.Y. 2010) (ordering government to cancel *lis pendens* filed on potential substitute property). Furthermore, even in regard to proceeds, no statute permits or authorizes the government to file a *lis pendens. See* 21 U.S.C. § 853; *Queri*, 679 F. Supp. 2d at 296 ("The Government concedes in its response papers that federal law does not expressly authorize the filing of a notice of *lis pendens* on potential substitute property."); *United States v. Kramer,* No. 1:06–CR–200, 2006 WL 3545026, at *10 (E.D.N.Y. Dec. 8, 2006) (observing that *lis pendens*, "especially one filed by the United States of America, practically speaking, denudes the subject property of its alienability" and thereby constitutes an unauthorized restraint of property prior to conviction).

The government's attempt to file a *lis pendens* on the MA Property in this matter must be rejected as an unlawful pretrial restraint of substitute property. The Forfeiture Notice itself characterizes the MA Property as substitute property. Furthermore, the Superseding Indictment avers that the alleged fraud resulted in a loan. Anything beyond the money obtained through the loan application is substitute property that is not subject to pretrial restraint. Even *if* "proceeds" includes equity in the MA Property equivalent to the loan balance for principal used as part of the purchase price and therefore can be subjected to a protective order, the remainder of the equity is substitute property (deriving from loan payments, etc.) that may not be restrained at this stage. Consequently, the government cannot obtain (let alone generate) any legal process or order by which the MA Property is restrained. Finally, as noted above, the filing of a *lis pendens* is not authorized by federal law.

Wherefore, for the foregoing reasons, the government's Motion must be denied.

Dated at Burlington, Vermont, this 26th day of August, 2016.

**MATTHEW ABEL**

By: */s/ Craig S. Nolan*_____
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

## **CERTIFICATE OF SERVICE**

I, Craig S. Nolan, counsel for Matthew Abel, do hereby certify that on August 26, 2016, I electronically filed with the Clerk of Court the following document:

**MATTHEW ABEL'S OPPOSITION TO
GOVERNMENT'S MOTION FOR ENDORSEMENT OF *LIS PENDENS***

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

| | |
|---|---|
| Kevin J. Doyle, Esq. | David L. McColgin, AFPD |
| U.S. Attorney's Office | Office of Federal Public Defender |
| 11 Elmwood Avenue | District of Vermont |
| P.O. Box 570 | 126 College Street, Suite 410 |
| Burlington, VT  05403 | Burlington, VT 05401 |
| Kevin.Doyle@usdoj.gov | (802) 862-6990 |
| | David_McColgin@fd.org |

Dated at Burlington, Vermont this 26th day of August, 2016.

**MATTHEW ABEL**

By:     _/s/ Craig S. Nolan_____
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com