U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 OCT 14 PM 2: 50

CLERK
BY_____ *Ltw*
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,     )
                                           )

v.                                  )    Case No. 2:16-cr-84
                                         )

ALISON GU, a/k/a "Alison Ling,"     )
"Ally Koo," "Ai J. Chen," "Ai Jen Chen,"     )
"Ai Chen," "Jing Shao," "Yijing Gu,"     )
"Yijing Lin," "Alison Yi Gu," and     )
MATTHEW ABEL                      )

**OPINION AND ORDER GRANTING THE GOVERNMENT'S
MOTION FOR ENDORSEMENT OF *LIS PENDENS***
(Doc. 74)

This matter came before the court on September 23, 2016 for oral argument on the government's motion seeking judicial endorsement of a *lis pendens* against certain real property in Massachusetts. (Doc. 74.)[1] Defendants Matthew Abel and Alison Gu oppose the motion. (Docs. 75, 76.) At issue is whether the court is authorized to endorse a *lis pendens*, whether a *lis pendens* is a pre-trial restraint, and whether the property in question is directly forfeitable as "offense property" or forfeitable only upon Defendants' conviction as "substitute property."

The government is represented by Assistant United States Attorney Kevin J. Doyle. Defendants Abel and Gu are represented by Craig S. Nolan, Esq. and Assistant Federal Public Defender David L. McColgin, respectively.

---

[1] On September 26, 2016, the government submitted a post-hearing filing containing several endorsements of *lis pendens* signed by United States district judges in criminal matters in the District of Massachusetts. On October 7, 2016, Defendants submitted a post-hearing memorandum, arguing that examples of endorsed *lis pendens* from the District of Massachusetts have no bearing on the pending motion because they do not identify the source of authority pursuant to which the endorsements issued. Defendants cite decisions from the District of New Hampshire and the District of Massachusetts denying requests for endorsements of *lis pendens* for substitute property. *See United States v. Kavalchuk*, 2010 WL 703105 (D.N.H. Feb. 23, 2010); *United States v. Boyer*, 58 F. Supp. 3d 173 (D. Mass. 2014).

## I.    Factual and Procedural Background.

In a three count Superseding Indictment (the "Indictment") Defendants Gu and Abel are charged with, among other things, committing bank fraud, in violation of 18 U.S.C. § 1344.[2]  The Indictment alleges that, from in or about 2013 to September 2015, Defendants "devised and executed a scheme to defraud" five financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation by "obtain[ing] funds through submission of mortgage loan applications and re-financing applications containing false information[.]" (Doc. 57 at 1, ¶ 2.)  As part of the alleged fraudulent scheme, Defendant Abel applied for financing to purchase real property identified as 184 South Sea Avenue, Unit 1, Yarmouth, Massachusetts (the "Massachusetts parcel") and, in doing so, failed to disclose the existence of a prior mortgage debt on certain Austin, Texas real property (the "Texas property").

The Texas property is also alleged to be part of Defendants' fraudulent scheme. Defendant Abel is alleged to have obtained financing for its purchase without disclosing that he was pursuing financing to purchase the Massachusetts parcel.  With regard to the Texas property, the purchase contract was allegedly amended to change the purchaser from "Ai Chen" to Defendant Abel.

The Indictment further alleges that based upon the provision of allegedly false information, Defendant Abel obtained mortgage loans that were used to purchase, among other things, the Massachusetts parcel.  Thereafter, between August and December of 2015, monthly mortgage payments were allegedly made in connection with the Massachusetts parcel from a bank account maintained by "Ai J Chen," an alias allegedly used by Defendant Gu.

The Indictment includes a "Forfeiture Notice" which states that upon conviction for a violation of 18 U.S.C. § 1344, the government is seeking forfeiture under 18 U.S.C. § 982(a)(2) of the Massachusetts parcel as real property:

---

[2] Defendant Gu is also facing two other counts, neither of which is relevant to the pending motion.

that constitutes, or is derived from or is traceable to proceeds obtain directly or indirectly from the commission of the offense of which the defendant is convicted, or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the defendant is convicted.

(Doc. 57 at 8, ¶ 2.) The Forfeiture Notice states that if any of the identified forfeitable property is unavailable, inappropriate, or insufficient for forfeiture as a result of any act or omission of the defendant,[3] the government will seek forfeiture of the real property, including the Massachusetts parcel, as "substitute property." *Id.* at 8-9, ¶ 3.

Post-Indictment, the government moved for endorsement of a *lis pendens* against the Massachusetts parcel, asking the court to make "a finding that the Bank Fraud Forfeiture Allegation and the Forfeiture Allegation contained in the [Indictment] . . . constitute a claim of right to title [to the Massachusetts parcel.]"[4] (Doc. 74 at 1.)

Defendants oppose the government's motion, arguing that federal law does not authorize the filing of a *lis pendens* and that although a pre-trial restraining order may be available for directly forfeitable property, Second Circuit precedent and Massachusetts law bars its use against the Massachusetts parcel, which they contend is "substitute property."[5] Defendants further argue that because the Indictment acknowledges that

---

[3] The language of the Forfeiture Notice tracks 21 U.S.C. § 853(p)(1) in describing the circumstances in which the government may pursue substitute property because directly forfeitable offense property:

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred or sold to, or deposited with, a third party;

    (C) has been placed beyond the jurisdiction of the court;

    (D) has been substantially diminished in value; or

    (E) has been commingled with other property which cannot be divided without difficulty.

[4] The proposed *lis pendens* provides: "The above-captioned action constitutes a claim of right to title to real property, or the use and occupation thereof or the buildings thereon. APPROVED AND SO ORDERED this ___ day of August, 2016." (Doc. 74-1 at 3.)

[5] In a footnote, Defendants argue that "any *lis pendens* previously filed by the government must be canceled and struck from the land records." (Doc. 75 at 1 n.1.)

Defendant Gu made mortgage payments with regard to the Massachusetts parcel, it cannot be considered property derived solely from the tainted proceeds of bank fraud.

## II. Conclusions of Law and Analysis.

### A. Criminal Forfeiture and Pre-trial Restraints.

Pursuant to 18 U.S.C. § 982, upon a defendant's conviction for violating 18 U.S.C. § 1344, the court "shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." 18 U.S.C. § 982(a)(2). Section 982 provides that "[t]he forfeiture of property under this section, including any seizure and disposition of the property and any related judicial . . . proceeding, shall be governed by [21 U.S.C. § 853]." 18 U.S.C. § 982(b)(1). Under § 853's "relation-back" clause, "[a]ll right, title, and interest in property [which is forfeitable under § 982(a)(2] vests in the United States upon the commission of the act giving rise to forfeiture[.]" 21 U.S.C. § 853(c).

Section 853 states that:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property [forfeitable pursuant to 18 U.S.C. § 982(a)(2)] . . . upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section[.]

*Id.* § 853(e)(1)(A). Section 853(l) provides that "[t]he district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture . . . or which has been ordered forfeited[.]" *Id.* at § 853(l).

In addition to "property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation[,]" 18 U.S.C. § 982(a)(2), in certain circumstances, the government may also pursue "substitute property." 21 U.S.C. § 853(p)(2). The district court in *United States v. Espada*, 128 F. Supp. 3d 555

(E.D.N.Y. 2015) accurately described the difference between "offense property" and "substitute property" as follows:

> For certain statutorily enumerated offenses . . . criminal forfeiture is a mandatory component of the defendant's sentence. Forfeitable property is divided into two categories: offense property and substitute property. Offense property is "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly," as the result of the crime. In contrast, substitute property is "any other property of the defendant." Unlike offense property, substitute assets can only be forfeited after the government has made a threshold showing that the offense property (1) "cannot be located upon the exercise of due diligence;" (2) "has been transferred or sold to, or deposited with, a third party;" (3) "has been placed beyond the jurisdiction of the court;" (4) "has been substantially diminished in value;" or (5) "has been commingled with other property that cannot be divided without difficulty."

*Id.* at 559 (citations omitted)

As the *Espada* court noted, "[f]ive of the six circuit courts that have addressed the issue have concluded that, since § 853(e) specifies only that *offense* property may be restrained prior to trial, the pre-trial restraint provision of the criminal forfeiture statute does not apply to substitute property." *Espada*, 128 F. Supp. 3d at 562 (analyzing Circuit decisions). The Second Circuit has addressed the issue only in the context of analogous forfeiture provisions set forth in the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68. In doing so, it has held that the RICO Act "plainly states what property may be restrained before trial . . . and that description does not include substitute assets." *United States v. Gotti*, 155 F.3d 144, 149 (2d Cir. 1998) (internal quotation marks omitted).

Application of *Gotti*'s rationale to § 853 renders it likely that the Second Circuit would join the majority of circuits to hold that because § 853 authorizes a pre-trial restraint only for offense property, a pre-trial restraint is not available with regard to substitute property. This conclusion is buttressed by the absence of a relation-back provision for substitute property which would vest the government's interest in the substitute property prior to conviction. Other district courts in the Second Circuit have reached this same conclusion. *See, e.g., United States v. Queri*, 679 F. Supp. 2d 295, 296

5

(N.D.N.Y. 2010) (concluding that a pre-trial restraint on substitute property was impermissible under *Gotti* and under New York law); *United States v. Kramer*, 2006 WL 3545026, at *6-8 (E.D.N.Y. Dec. 8, 2006) (ruling the government may not obtain a pretrial restraint of substitute property because "the Government has no colorable property interest in substitute assets of a defendant at least until the time of conviction"). Having determined that a pre-trial restraint is only available with regard to offense property, the court turns to whether a *lis pendens* is a pre-trial restraint.

## B.    Whether a *Lis Pendens* is a Pre-trial Restraint.

The parties concede that there is neither express statutory authority for, nor prohibition against, a *lis pendens* under § 853.[6] Defendants argue that the absence of authority renders a *lis pendens* an unauthorized pre-trial restraint. The government counters that a *lis pendens*, which merely provides notice of litigation, is not a pre-trial restraint and, consistent with Massachusetts law, district courts in the First Circuit routinely endorse them.

A *lis pendens* is "[a] notice, recorded in the chain of title to real property, required or permitted in some jurisdictions to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." *Black's Law Dictionary* 1073 (10th ed. 2014). As a creature of state law, the nature and import of a *lis pendens* must be analyzed in conjunction with state law. *See United States v. Jarvis*, 499 F.3d 1196, 1205 (10th Cir. 2007) (analyzing the availability of a *lis pendens* under § 853 and New Mexico law and concluding that the

---

[6] Arguably, § 853(e) and (l) authorize a *lis pendens* in any state as one means of preserving the availability of offense property for forfeiture. 21 U.S.C. § 853(e) provides that, "[u]pon application of the United States, the court may . . . *take any other action* to preserve the *availability* of [offense property]." *Id.* (emphasis supplied). In turn, § 853(l) authorizes a court to "enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture[.]" *Id.* § 853(l); *but see United States v. Kavalchuk*, 2010 WL 703105, at *3 (D.N.H. Feb. 23, 2010) ("[T]he endorsement of a memorandum of lis pendens is not an order that is provided for in § 853. Therefore, § 853(l) does not apply. Because that is the only basis for the court's jurisdiction that the government provides, the court remains uncertain as to whether jurisdiction exists that permits this court to issue an order for an endorsement of a memorandum for lis pendens on property in Massachusetts.").

government's filing of a *lis pendens* on substitute property was "improper under New Mexico law").

Massachusetts General Laws, Chapter 184, Section 15 requires that any *lis pendens* recorded at the Registry of Deeds bear an endorsement by a judge of the court in which the action is pending, acknowledging that "the subject matter of the action constitutes a claim of a right or title to real property or the use and occupation thereof or the buildings thereon[.]" Mass. Gen. Laws ch. 184, § 15(b). The statute was intended "to remedy a harsh common-law lis pendens rule by ensuring prospective buyers have the benefit of recorded notice of certain lawsuits." *Wolfe v. Gormally*, 802 N.E.2d 64, 67 (Mass. 2004). "Under the common law, if the subject property was sold 'lis pendens,' i.e., while the suit was pending, a buyer without notice of the litigation was nonetheless 'bound by the judgment.'" *Id.* The "fundamental remedial purpose of the statute [is] to 'ensure[] that a prospective third-party transferee can, with the exercise of reasonable prudence, acquire information relevant to a decision whether to consummate the transaction.'" *Id.* at 69 (alteration in original).

In Massachusetts, "[a] memorandum of lis pendens may be filed only when litigation 'affects the title to real property or (its) use and occupation.'" *Debral Realty, Inc. v. DiChiara*, 420 N.E.2d 343, 345-46 (Mass. 1981). "A claim that 'affect[s] title' has been defined as a claim brought on a plaintiff's own behalf to enforce 'some interest in the real estate[.']" *Wolfe*, 802 N.E.2d at 70 (alteration in original). Upon this showing, and without regard to the merits of the claim, the judge "shall" make a "finding" to that effect and endorse the memorandum. Mass. Gen. Laws ch. 184, § 15(b). This statutory mandate leaves little discretion to the judge. *See Sutherland v. Aolean Dev. Corp.*, 502 N.E.2d 528, 531 (Mass. 1987) ("With the mandate that the judge 'shall' find and endorse, § 15 gives little discretion to the judge once the judge determines that the subject matter of the action concerns an interest in real estate.").

Under Massachusetts law, a *lis pendens* may "cast[] a cloud over . . . real estate," *id.*, but it does not "purport to create a new right, interest, or remedy in the litigant filing the memorandum of lis pendens." *Debral Realty, Inc.*, 420 N.E.2d at 346. Instead, it

merely "put[s] anyone interested in real estate that is in dispute on notice of the dispute[.]" *Id.* A *lis pendens* therefore cannot fairly be described as a pre-trial *restraint* under Massachusetts law or § 853.[7]

### C.     Whether Massachusetts Parcel is "Substitute Property."

Assuming *arguendo* that a *lis pendens* is properly regarded as a pre-trial restraint under § 853, the Massachusetts parcel's status as "substitute property" would foreclose the court's authority to endorse the *lis pendens* under both federal law, *see Gotti*, 155 F.3d at 149, and Massachusetts law. *See* Mass. Gen. Laws ch. 184, § 15(b) (requiring court to find that the "subject matter of the action constitutes a claim of right to title to real property or the use and occupation thereof or the buildings thereon"); *see also United States v. Boyer*, 58 F. Supp. 3d 173, 176 (D. Mass. 2014) (holding Massachusetts law "does not permit the listing of a *lis pendens* on substitute assets for criminal forfeiture before conviction.").

---

[7] Other courts have concluded that a *lis pendens* is a not a pre-trial restraint as a matter of law, albeit often with hesitation. *See, e.g., United States v. Register*, 182 F.3d 820, 836 (11th Cir. 1999) ("'The effect of a lis pendens on the owner of the property . . . is constraining. For all practical purposes, it would be virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit'" but noting that: "Still 'the *right* to alienate the property . . . exist[s]'") (alteration in original); *United States v. Boyer*, 58 F. Supp. 3d 173, 175-76 (D. Mass. 2014) (acknowledging that "many courts that have addressed this issue have nonetheless concluded that [a lis pendens] is not a restraint as a matter of law" and observing that "even if a notice of *lis pendens* is not a pretrial restraint, the federal statute is, at best, silent with respect to the authority to file such a notice on substitute forfeiture property"); *United States v. Kramer*, 2006 WL 3545026, at *10 (E.D.N.Y. Dec. 8, 2006) (observing that a *"lis pendens*, especially one filed by the United States of America, practically speaking, denudes the subject property of its alienability" while acknowledging that "[c]ourts to address this issue, that is, where the Government seeks to file a notice of *lis pendens* on substitute assets, have nonetheless concluded that *lis pendens* does not constitute the type of pretrial restraint that the Second Circuit held was unauthorized in *Gotti*" and "an effective restraint as a matter of fact is not the equivalent of a restraint obtaining as a matter of law."); *United States v. Lebed*, 2005 WL 2495843, at *10 (E.D. Pa. Oct. 7, 2005) ("[I]n the context of forfeiture *lis pendens* simply do not rise to the level of restraint or seizure as set forth in 21 U.S.C. § 853(e), the relevant forfeiture procedures for pretrial restraint set forth under 2461(c)."); *United States v. Miller*, 26 F. Supp. 2d 415, 432 n.15 (N.D.N.Y. 1998) ("The filing of a lis pendens does not constitute a 'restraint' or 'seizure' within the meaning of 21 U.S.C. §§ 853(e) or (f), respectively").

"Federal criminal forfeiture law addresses two types of assets: those that have been tainted by criminal activity, and those that are free of taint." *United States v. Parrett*, 530 F.3d 422, 429 (6th Cir. 2008). Because the Indictment alleges that the Massachusetts parcel was purchased as part of Defendants' fraudulent scheme, the Massachusetts parcel is clearly tainted by Defendants' alleged bank fraud and is "offense property" "constituting, or derived from, any proceeds . . . obtained, directly or indirectly, as the result" of the crime or "property used, or intended to be used . . . to commit, or to facilitate the commission of" the crime. 21 U.S.C. § 853(a). As a result, even if a *lis pendens* is deemed a pre-trial restraint, it is available with regard to the Massachusetts parcel prior to Defendants' conviction. *See Boyer*, 58 F. Supp. 3d at 175 ("The government may obtain a restraining order or injunction to preserve the availability of property that is directly traceable to the crime, either because it constitutes proceeds or is used in its commission.").

Defendants' contention that "offense property" becomes "substitute property" because the Forfeiture Notice indicates the government may, in the alternative, seek forfeiture on that basis is without merit. Defendants cite no authority for the proposition that criminal forfeiture of property turns on the government's characterization of the property, rather than upon its relationship to the charged crime as required by 21 U.S.C. § 853.

Similarly, the fact that Defendants may have commingled "clean money" with the tainted proceeds of their alleged bank fraud by making mortgage payments on the Massachusetts parcel does not, without more, alter the parcel's status as "offense property." *See United States v. Peters*, 732 F.3d 93, 102 (2d Cir. 2013) ("[T]he proceeds of a fraudulently obtained loan equal the amount of the loan, irrespective of . . . whether the bank recovered part of the loan principal.") (internal quotation marks and citation omitted); *United States v. Newman*, 659 F.3d 1235, 1244 (9th Cir. 2011) (holding that "[f]or purposes of criminal forfeiture, the 'proceeds' of a fraudulently obtained loan equal the amount of the loan"); *United States v. Boulware*, 384 F.3d 794, 813 (9th Cir. 2004)

(concluding that "[n]othing in the text of [18 U.S.C. § 982(a)(2)] entitles [the defendant] to a set-off for loan proceeds that he repaid to [the bank]").

In this litigation, the government asserts a forfeiture claim that affects title to the Massachusetts parcel and claims an interest therein as property obtained directly or indirectly by Defendants in the commission of bank fraud. Under Massachusetts law, based on that finding, the court must endorse the *lis pendens* as requested. *See* Mass. Gen. Laws ch. 184, § 15(b); *Sutherland*, 502 N.E.2d at 531.

## CONCLUSION

For the foregoing reasons, the court GRANTS the government's motion for endorsement of *lis pendens*.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this __14th__ day of October, 2016.

Christina Reiss, Chief Judge
United States District Court