UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:16-CR-000084-1 |
| ALISON GU, | ) | |
| Defendant | ) | |

## MOTION TO SEVER COUNTS AND DEFENDANTS

Defendant, Alison Gu, by her attorney, Assistant Federal Defender David L. McColgin, moves this Court for an order severing Count One of the superseding indictment, charging bank fraud under 18 U.S.C. § 1344, from Counts Two and Three, charging respectively false statement in an application for a passport under 18 U.S.C. § 1542, and aggravated identity theft under 18 U.S.C. § 1028A(a)(1). The severance should be granted under Fed. R. Crim. P. 8(a) on the ground that the counts were improperly joined, or in the alternative, under Fed. R. Crim. P. 14(a) because a joint trial would unfairly prejudice Ms. Gu and deny her a fair trial.

Ms. Gu also joins in the motion to server defendants filed by co-defendant Matthew Abel.

A.  The Indictment

Count One of the superseding indictment charges Ms. Gu and co-defendant Matthew Abel with bank fraud spanning the period from 2013 to September 2015. *See* Superseding Indictment pp. 1-5 (Doc. 57). The count alleges that Ms. Gu and Mr. Abel devised a scheme to defraud five banks – the Bank of Bennington, First National Bank of America, Prime Lending/Colonial Savings Bank, Discover Home Loans, and Emigrant Mortgage Company – through the submission of mortgage loan applications and re-financing applications that

1

contained false information. The indictment alleges that Ms. Gu established false identities using the social security number of a deceased person, and together with Mr. Abel, used the false identities and false information regarding employment, altered bank statements, a forged IRS W-2 form, and other false documents to secure: (1) the purchase of 7 Edith Place, Cheshire, Connecticut; (2) the purchase of 389 Read Farm Road, Dorset, Vermont; (3) the purchase of 385 Cedar Avenue, Cocoa Beach, Florida; (4) the re-financing of 7 Edith Place, Cheshire, Connecticut; (5) the purchase of 2406 Riverside Farms Road, Austin, Texas; (6) the purchase of 184 South Sea Avenue, Unit 1, Yarmouth, Massachusetts. *Id.* Discovery provided by the government indicates that the false identities allegedly used by Ms. Gu were in the name of "Ai J Chen" or "Ai Jen Chen" and used the social security number of a deceased person named "Hoa Thi Nguyen."

Count Two alleges Ms. Gu made a false statement in an application for a passport on March 27, 2015, and Count Three alleges on the same date Ms. Gu possessed or used the identification of another person while applying for a passport alleged in Count Two. *Id.* at 7. Discovery provided by the government indicates that the false identification involved in Counts Two and Three was in the name of "Ally Lynn Koo," and used the social security number of a deceased person named "Thi Thanh Thuy Tran." Counsel is not aware of any discovery indicating that the "Ally Lynn Koo" name or the Tran social security number were used in the bank fraud alleged in Count One.

   B.  Severance of Count One from Counts Two and Three

Rule 8(a) of the Federal Rules of Criminal Procedure provides that "[t]he indictment … may charge a defendant in separate counts with 2 or more offenses if the offenses charged … are

of the same or similar character … or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Second Circuit has stated that the phrase "similar character" means "'[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980) (quoting Webster's New International Dictionary (2d ed.)).

Even where joinder is proper under Rule 8(a), the district court has the discretion under Rule 14(a) to sever counts and order separate trials "[i]f the joinder of offenses … appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Severance is warranted upon a showing that there would be "substantial prejudice" in having a joint trial. *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004).

Here, the joinder of the bank fraud charge with the false statement and identity theft charges relating to the passport application was improper because the bank fraud allegations are distinct and unrelated to the passport application. There is no evidence that the false name and identification allegedly used during the alleged bank fraud was used during the passport application. Likewise, the false name and identification allegedly used during the passport application was not used during the alleged bank fraud. The bank fraud and the passport application constitute distinct events which, although overlapping in time, had nothing to do with each other. Joinder was therefore improper under Rule 8(a). *See United States v. Litwok*, 678 F.3d 208, 217 (2d Cir. 2012) (holding joinder of mail fraud and tax evasion charges not proper because "there was no evidentiary overlap between" the charges).

Even if joinder was proper, however, this Court should exercise its discretion under Rule 14(a) to sever the counts. Ms. Gu will be substantially prejudiced if all counts are tried together

because the jury will inevitably see the evidence of use of false identification in the bank fraud as proof of a propensity to use false identification, and thus as evidence of guilt regarding the alleged use of a false identity in the passport application. The reverse could also be true, with the evidence relating to the passport application tending to establish a propensity to use false identification that would be prejudicial on the bank fraud count. With separate trials, such propensity evidence would be excluded under Fed. R. Evid. 404(b). *See Sampson*, 385 F.3d at 192 (ruling that counts alleging separate drug trafficking events should have been severed in part because the joint trial could have led the jury to think the defendant had a propensity to traffic in drugs, and "propensity reasoning is plainly barred by Federal Rule of Evidence 404(b)"). A severance should therefore be granted under Rule 14(a).

C. Severance of defendants

Ms. Gu joins with the motion filed by Mr. Abel, co-defendant on this indictment, for a severance of defendants under Fed. R. Crim. P 8(b) and 14(a). Joinder of defendants is improper under Rule 8(b), and in the alternative, a severance should be granted under Rule 14(a) because a joint trial will be substantially prejudicial to Ms. Gu.

D.  Conclusion

For the foregoing reasons, this Court should grant the motion for severance of Count One

from Counts Two and Three, and a severance of Ms. Gu's case from Mr. Abel's case.

Dated:      February 24, 2017

MICHAEL L. DESAUTELS
FEDERAL PUBLIC DEFENDER

By:     /s/ *David L. McColgin*

David L. McColgin
Assistant Federal Public Defender
Office of the Federal Public Defender
126 College Street, Suite 410
Burlington, VT 05401
802-862-6990
Counsel for Alison Gu

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:16-CR-000084-1 |
| ALISON GU, | ) | |
| Defendant | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2016, I electronically filed a **Motion to Sever Counts and Defendants** with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following: Michael Drescher, Assistant United States Attorney, United States Attorney's Office via Michael.drescher@usdoj.gov.


MICHAEL L. DESAUTELS
FEDERAL PUBLIC DEFENDER


By:     /s/ *Samantha M. Barrett*
SAMANTHA M. BARRETT
Legal Assistant
Office of the Federal Public Defender
126 College St., Ste. 410
Burlington, VT 05401

6