UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                                     ) | |
|           **Plaintiff,**    ) | |
|                                     ) | |
|    **v.**                         ) | Docket No. 2:16-cr-84 |
|                                     ) | |
| **MATTHEW ABEL,**             ) | |
|                                   ) | |
|           **Defendant.**    ) | |

## <u>MATTHEW ABEL'S MOTION TO SEVER DEFENDANTS FOR TRIAL</u>

Matthew Abel, by and through counsel, Sheehey Furlong & Behm P.C., hereby moves to sever defendant for trial. A joint trial of Mr. Abel and Alison Gu would substantially prejudice Mr. Abel by depriving him of a fair trial.

### BACKGROUND

The Superseding Indictment (Doc. 57) contains three counts against Ms. Gu, including one count in which Mr. Abel is also charged. Count One avers that between in or about 2013 and September 2015, Ms. Gu and Mr. Abel knowingly "devised and executed a scheme to defraud [multiple financial institutions] to obtain funds through submission of mortgage loan applications and re-financing applications containing false information" in violation of 18 U.S.C. §§ 1344(1) & 2. Count Two charges that on March 27, 2015, Ms. Gu made a false statement in a passport application in violation of 18 U.S.C. § 1542. Count Three asserts that on March 27, 2015, Ms. Gu unlawfully possessed or used identification belonging to another in connection with the false statement charged in Count Two in violation of 18 U.S.C. § 1028A(a)(1).

In support of the charges, the government has produced voluminous evidence consisting primarily of digital files retrieved from computers and electronic devices seized from a residence shared by Ms. Gu and Mr. Abel, mortgage loan applications seized from financial institutions,

and emails seized from providers such as Yahoo!, Gmail and Microsoft.  The number of individual files or documents produced by the government exceeds 22,000 (many of which contain multiple pages).

A review of the evidence produced by the government reveals that its case with regard to Count One rests on evidence almost exclusively implicating Ms. Gu.  Furthermore, the scant evidence allegedly linking Mr. Abel to that scheme consists of loan applications purportedly executed by him (either electronically or by hand) and digital evidence, such as documents and emails, for which no proof of authorship exists (the relevant e-mails were sent by accounts purportedly used by both Ms. Gu and Mr. Abel).  Significantly, the government has not disclosed any experts or summaries of expert opinions as required by Fed. R. Crim. P. 16(a)(1)(G) and this Court's Criminal Pretrial Order dated July 22, 2016 (Doc. 67, § II.A) relating to the authenticity of the signatures on the loan applications, the human source of the digital evidence, or user attribution for the email accounts and devices from which the digital evidence was seized.  As a result, the government lacks sufficient evidence to prove beyond a reasonable doubt that Mr. Abel knowingly participated in the alleged fraudulent scheme.  Given the fatal flaw in the government's evidence, it is anticipated that Mr. Abel and Ms. Gu will offer at trial mutually antagonistic defenses that the other was responsible for the alleged fraudulent scheme such that acceptance of one defense will preclude acceptance of the competing defense and require conviction of the co-defendant.

## ARGUMENT

Severance for trial is required because it is anticipated that defendants will present mutually antagonistic defenses.  The Second Circuit has "recognized that a joint trial is fundamentally unfair where codefendants present mutually antagonistic defenses." *Grant v. Hoke*, 921 F.2d 28, 31 (2d Cir. 1990).  Mutually antagonistic defenses exist where acceptance of

one defendant's defense will necessarily lead the jury to convict the other.  *See United States v. Serpoosh*, 919 F.2d 835, 837-38 (2d Cir. 1990); *United States v. Yousef,* 327 F.3d 56, 151 (2d Cir. 2003) ("Defenses are mutually antagonistic when accepting one defense requires that 'the jury must of necessity convict a second defendant.'" (quoting *United States v. Cardascia,* 951 F.2d 474, 484 (2d Cir. 1991)).  In cases of antagonistic defenses, severance is required where "the conflict is so irreconcilable that acceptance of one defendant's defense requires that the testimony offered on behalf of a codefendant be disbelieved" or where "the jury will infer that both defendants are guilty solely due to the conflict."  *Id.* at 838.

     In this case, the government will introduce and rely almost exclusively on loan applications and electronic evidence of the alleged fraudulent scheme.  (Mr. Abel does not concede that the loans applications and electronic evidence are sufficient to prove beyond a reasonable doubt that any fraud occurred, and he notes that neither defendant spoke substantively with federal agents.)  The government will seek to link that evidence to email accounts, computers and devices associated with the joint residence of Ms. Gu and Mr. Abel.  Because no other adults resided in that home, the jury—if it believes fraudulent acts occurred—will be required to determine which of the two defendants knowingly committed such acts.  The jury will also be required to determine whether Ms. Gu forged Mr. Abel's signature on loan applications or whether Mr. Abel signed the applications himself with knowledge of the alleged false content.  The anticipated mutually antagonistic defenses cannot both be accepted by the jury, and the acceptance of one defendant's defense will lead the jury either (1) to disbelieve the testimony and evidence introduced by the co-defendant and convict that co-defendant, or (2) to convict both defendants due to the conflict.  Because a joint trial would "prevent the jury from making a reliable judgment about guilt or innocence," severance is required.  *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

A joint trial also forces Ms. Gu and Mr. Abel into an untenable situation. They share a long term, committed domestic partnership. Mr. Abel cares for Ms. Gu's children as if they were his own. A joint trial "would compromise a specific trial right of one of the defendants," *Zafiro*, 506 U.S. at 539, *i.e.*, presentation of evidence and assertion of a defense, because each knows that such evidence and defense would likely cause the conviction of his or her domestic partner. Forcing a defendant to choose between a fundamental legal right critical to his defense of a felony criminal charge and his loved one unequivocally compromises his trial rights, particularly where severance will eliminate the fundamental unfairness to Mr. Abel.

Alternatively, the Court should exercise its discretion under Fed. R. Crim. P. 14 to sever defendants for trial based on the prejudice Mr. Abel will suffer due to joinder. Under Rule 14(a), a District Court "may . . . sever the defendants' trials" where joinder of defendants "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). The Rule 14 severance decision is committed to the "sound" discretion of the trial court. *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (citation omitted);*United States v. Stein*, 140 F. Supp. 761, 766 (S.D.N.Y. 1956) (exercise of sound discretion "involves evaluating the prejudice claimed by both the defendant and the Government in light of the facts of the particular case and the climate in which it is to be tried"). Assuming *arguendo* that severance is not required, the Court should invoke its broad discretion to prevent the above-described prejudice to Mr. Abel that will be caused by a joint trial.[1]

Wherefore, for the foregoing reasons, defendants should be severed for trial.

---

[1] Contributing to Mr. Abel's prejudice is the inclusion of the passport fraud (Count Two) and identity theft (Count Three) charges that do not relate in any way to Mr. Abel.

4

Dated at Burlington, Vermont, this 24th day of February, 2017.

**MATTHEW ABEL**

By: */s/ Craig S. Nolan*_____
    Craig S. Nolan, Esq.
    SHEEHEY FURLONG & BEHM P.C.
    30 Main Street, 6th Floor
    P.O. Box 66
    Burlington, VT  05402-0066
    (802) 864-9891
    cnolan@sheeheyvt.com

## CERTIFICATE OF SERVICE

I, Craig S. Nolan, counsel for Matthew Abel, do hereby certify that on February 24, 2017, I electronically filed with the Clerk of Court the following document:

**MATTHEW ABEL'S MOTION TO SEVER DEFENDANTS FOR TRIAL**

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

| | |
|---|---|
| Michael P. Drescher, Esq. | David L. McColgin, Esq. |
| U.S. Attorney's Office | Federal Public Defender's Office |
| 11 Elmwood Avenue | 126 College Street, Ste 410 |
| P.O. Box 570 | Burlington, VT 05401 |
| Burlington, VT 05403 | david_mccolgin@fd.org |
| michael.drescher@usdoj.gov | |

Dated at Burlington, Vermont this 24th day of February, 2017.

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891
cnolan@sheeheyvt.com